O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD A. TREPANY,<br><br>      Plaintiff,<br>  v.<br><br>DEUTSCHE GANK NATIONAL TRUST COMPANY; INDYMAC MORTGAGE SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and DOES 1–10, inclusive,<br><br>      Defendants. | Case No. 2:13-cv-05692-ODW(JCx)<br><br>**ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

  On August 6, 2013, Plaintiff Donald Trepany filed a Complaint in this Court. The jurisdictional allegations appear to be defective.

  Trepany contends that this Court has federal-subject-matter jurisdiction over this action on the basis of diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1.) To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

  Trepany alleges in his pleadings that Defendant Deutsche Bank National Trust Company is a national banking association, organized under the laws of the United States, which transacts business throughout the State of California." (Compl. ¶ 3.)

This is insufficient. Simply alleging the laws under which Deutsche Bank was formed fails to satisfy Trepany's burden of establishing diversity jurisdiction.

Trepany further alleges that Defendant Indymac Mortgage Services (IMS) is a foreign corporate entity, but merely states that it is organized under the laws of the United States. (Compl. ¶ 4.) This is similarly insufficient. A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(a). Trepany does not allege IMS' state of incorporation or its principal place of business. Simply alleging that the corporation was formed under the laws of the United States is inadequate to satisfy Trepany's burden of establishing diversity jurisdiction.

Finally, Plaintiffs must allege federal-subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. The pleadings set forth Trepany's residence, rather than his citizenship. (Compl. ¶ 1 (alleging that he is a "resident of the County of Los Angles, State of California.").)

Accordingly, the Court **ORDERS** Trepany to **SHOW CAUSE** in writing, by **September 17, 2013**, why this case should not be dismissed for lack of subject-matter jurisdiction. No hearing will be held. Plaintiff may submit an Amended Complaint if he chooses. Failure to timely respond will result in dismissal of this action.

**IT IS SO ORDERED.**

September 6, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**